IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JASON HOWARD CHINN, et al.,**

    **Plaintiffs,**

v.                                                                         Case No. 3:19-cv-00853

**SUPERINTENDENT SEREAL;**
**WESTERN REGIONAL JAIL;**
**and MAJOR ALDRIGE,**

    **Defendants.**

## MEMORANDUM OPINION and ORDER

Twenty prisoners at the Western Regional Jail and Correctional Facility in Barboursville, West Virginia have jointly filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants are violating the Eighth Amendment to the United States Constitution by subjecting the prisoners in the special management unit to inhumane living conditions. Plaintiffs claim that they spend 12-16 hours per day in lockdown, are deprived of recreational time, are precluded from participating in educational and rehabilitation opportunities, and are denied access to religious services. Plaintiffs request prospective injunctive relief and payment of court-related costs.

Although the United States Court of Appeals for the Fourth Circuit has not explicitly ruled that multiple prisoners are prohibited from joining together as plaintiffs in a single § 1983 action, at least one circuit has determined that the Prison Litigation Reform Act ("PLRA") bars such joinders. *Hubbard v. Haley,* 262 F.3d 1194, 1198 (11th

Cir. 2001) (holding that PRLA requirement of a separate filing fee for each prisoner prevents prisoners from joining claims under Fed. R. Civ. P. 20). "Even in light of more flexible holdings in other circuits regarding the permissive joinder of multiple prisoner plaintiffs, *see Hagan v. Rogers,* 570 F.3d 146, 157 (3d Cir. 2009); *Boribourne v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004); *In re Prison Litigation Reform Act,* 105 F.3d 1131, 1137-38 (6th Cir. 1997), courts in [the Fourth Circuit] have found the analysis in *Hubbard* persuasive and have declined to permit prisoner plaintiffs to join in one civil action." *Griffin v. Nettles,* No. 4:18-cv-02469-RBH-TER, 2018 WL 4701293 (D.S.C. Nov. 22, 2013) (collecting cases); *also Battle v. S.C. Dep't of Corr.*, No. 2:18-cv-719-TMC, 2019 WL 926415, at *8, n. 9 (D.S.C. Feb. 26, 2019); *Galeas v. United States*, No. 5:14-CT-3225-F, 2015 WL 1433547, at *1 (E.D.N.C. Mar. 27, 2015); *Fleming v. Francis,* No. 5:13–CV–21991, 2014 WL 2589755, at *1 (S.D.W. Va. June 10, 2014) ("The undersigned finds that multiple-prisoner plaintiffs may not proceed in forma pauperis in the same civil action"); *Watterson v. Terrell,* No. 1:10CV184–RJC, 2010 WL 3522331, at *1 (W.D.N.C. Sept. 7, 2010) (finding that multiple plaintiffs subject to the PLRA may not join a lawsuit "so as to pro-rate the mandatory filing fee."); *Greene v. Phipps,* No. 7:09-cv-00100, 2009 WL 3055232, at *6 (W.D. Va. Sept. 24, 2009) (citing to the conclusion in *Hubbard* that by joining parties and claims in one case, prisoners seek to bypass the PLRA's three-strikes provision and filing fee requirement).

Another persuasive reason for disallowing multiple prisoners to join in one § 1983 complaint is the well-settled principle that "it is plain error for a pro se inmate to represent other inmates in a class action," *Fowler v. Lee,* 18 Fed. Appx. 164, 165 (4th Cir. 2001). Typically in these cases, one prisoner takes a leading role by completing the complaint form and addressing the filing fee. In this case, only Plaintiff Chinn filed an

2

Application to Proceed Without Prepayment of Fees and Costs, and only Chinn signed the Complaint. *Ofori v. Clarke,* No. 7:18-cv-00587, 2019 WL 4344289, at * 2 (W.D. Va. Sept. 12, 2019) (holding that a prisoner "cannot sign pleadings on behalf of other pro se litigants asking for relief on their behalf."). As noted above, prisoners are each responsible for their own filing fee under 28 U.S.C. §1915(b)(1), but have used joinder as a way to lessen the financial burden, *Davidson v. Thompson,* No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. Mar. 22, 2019), as well as to decrease their chances of obtaining a "strike" under the PLRA's three strikes rule. *Taylor v. First Medical Management,* 508 F. App'x 488, 493 (6th Cir. 2012).

Finally, while the living conditions about which the plaintiffs complain are collectively described as inhumane, it is likely that the plaintiffs have been exposed to varying levels of alleged harm at different times, involving different transactions with different defendants. However, the complaint does not set out specific factual allegations for each plaintiff. Consequently, joinder is not appropriate as each plaintiff's claim will require individualized factual development and determination. *See Griffin,* 2018 WL 4701293, at *1. Accordingly, the claims of the plaintiffs should be separated into discreet civil actions and each must undergo a preliminary review pursuant to 28 U.S.C. § 1915(e)(2).

**Therefore, the Clerk of Court is directed as follows**:

This civil action, 3:19-cv-00853, shall pertain only to Plaintiff Jason Howard Chinn and shall be styled Jason Howard Chinn v. Superintendent Sereal, Western Regional Jail, and Major Aldrige. The Clerk is **ORDERED** to open a new civil action for each of the following plaintiffs, listing the same defendants as those named above:

1. Vernon Dale Helmick

2. Elvis Leo Russell, Jr.

3. Michael Crawford

4. Edward Lee Lewis

5. Greg White

6. Shannon Baker

7. Cornell Cordon

8. Kevin Lell

9. Jeffery Sutton

10. Alex Davis

11. Gary Higginbothom

12. Galen McGuire

13. John Rollins

14. Joseph Cruickshank

15. Todd Rose

16. Jeffrey Spencer

17. Donald Porter

18. Mike Smith

19. Jacob Miller

Once the new civil actions are open, the nineteen Plaintiffs listed above shall be terminated as parties in this civil action. In each newly-opened action, this Order shall be docketed, followed by the Complaint filed herein, and the Standing Order Re Assignment of Magistrate Judges. Upon the opening and docketing of the new cases, the Clerk is **ORDERED** to provide each Plaintiff with a form complaint under § 1983 and an Application to Proceed Without Prepayment of Fees and Costs. Each plaintiff is

**ORDERED** to complete, sign, and file a complaint on his own behalf, stating factual allegations pertinent to his experience at the Western Regional Jail and Correctional Facility, and to either pay the $400 filing fee or submit the fully completed Application within **twenty days** of the date of this Order. Plaintiffs are advised that a failure to file the complaint, and either pay the filing fee or submit the Application, will result in a recommendation that their case be dismissed for failure to prosecute.

Each plaintiff is also hereby advised of his obligation as a *pro se* plaintiff to promptly notify the Clerk of Court of any changes in his addresses.

The Clerk is directed to provide a copy of this Order to all of the plaintiffs.

**ENTERED:** January 30, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge